ALPHONSE HOTEL CORP., doing business as Hotel Carter, Truong Dinh Tran and Elaine Nguyen, Plaintiffs–Appellants,

v.

NEW YORK HOTEL & MOTEL TRADES COUNCIL, AFL–CIO, Defendant–Appellee.

No. 04–1757.

United States Court of Appeals, Second Circuit.

Jan. 13, 2005.

David M. Levy, Levy & Boonshoft, P.C., New York, NY, for Appellants.

Barry N. Saltzman (Daniel Costello), Pryor Cashman Sherman & Flynn LLP, New York, NY, for Appellee, of counsel.

PRESENT: KEARSE, CABRANES and SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal the judgment of the District Court dismissing their action, brought under Sections 8 and 303 of the Labor Relations Management Act of 1947, 29 U.S.C. §§ 158(b) and 187, in which they (1) alleged unfair labor practices, (2) alleged intentional infliction of emotional distress, and (3) sought rescission of a labor agreement. *See Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council,* 2004 WL 414836, 174 L.R.R.M. (BNA) 2690 (S.D.N.Y. Mar.5, 2004) ("Memorandum Decision").

The District Court found that the expansive language of the arbitration clause in the collective bargaining agreement ("the CBA")—to which the hotel had undisputedly consented at some periods of time relevant to the case—compelled the arbitration of all claims at issue in this matter. The District Court accordingly dismissed the case without prejudice to the filing of subsequent arbitration proceedings.

Plaintiffs contend on appeal that, *inter alia,* (1) the conduct alleged and claims brought in their complaint are not covered by the arbitration clause of the CBA; (2) issues relevant to the adjudication of their claims—namely, whether they are bound by the CBA—are not covered by the arbitration clause of the CBA; and (3) the District Court erred in its interpretation and application of the Supreme Court's and this Court's precedential case law.

We review *de novo* the District Court's judgment. *See, e.g., Jones v. New York State Div. of Military & Naval Affairs,* 166 F.3d 45, 49 (2d Cir.1999) (judgment on the pleadings); *Interstate Brands Corp. v. Bakery Drivers & Bakery Goods Vending Machines, Local Union No. 550,* 167 F.3d 764, 766 (2d Cir.1999) (arbitrability of claims).

We agree with the District Court that the arbitration clause of the CBA embraces the conduct alleged, and the rescission sought, in plaintiffs' complaint. *Alphonse Hotel,* 2004 WL 414836 at *1 (quoting the arbitration clause of the CBA, including its applicability to all "grievances arising between the parties hereto involving ... any acts conduct [sic] or relations between the parties, directly or indirectly") (brackets in original); *see Interstate Brands,* 167 F.3d at 768 (interpreting a nearly identically-worded arbitration clause to be "unusually broad" and to cover a wide assortment of conduct and claims); *see also Alphonse Hotel,* 2004 WL 414836 at *4–*5.

We have considered all of plaintiffs' arguments, and found each of them to be without merit, substantially for the reasons stated by Judge Chin in his Memorandum Decision. Accordingly, the judgment of the District Court is hereby AFFIRMED.